# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| LEONEL NUNEZ, # 37174-037 | * | |
| Petitioner | * | Civil Action No. PJM-10-2506 |
| v | * | Criminal Action No. PJM-01-533 |
| UNITED STATES OF AMERICA | * | |
| Respondent | * | |

***

## MEMORANDUM OPINION

Before the Court is a 28 U.S.C. §2255 Motion to Vacate Set Aside or Correct filed pro se by federal inmate Leonel Nunez. For reasons to follow, the Court will dismiss the Motion as time-barred.

## BACKGROUND

On June 3, 2003, the Court sentenced Nunez to 262 months incarceration after he pleaded guilty to conspiracy to distribute and possess with intent to distribute five or more kilograms of cocaine in violation of 21 U.S.C. § 841. Nunez did not appeal.

## LIMITATIONS PERIOD

A one-year statute of limitations applies to Motions to Vacate, Set Aside or Correct. *See* 28 U.S.C. § 2255 (f).[1] For the purpose of assessing timeliness, the Court deems the § 2255

---

[1] This section provides:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of-
>
> (1) the date on which the judgment of conviction became final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the

motion filed on the date it was delivered to prison officials for mailing, August 20, 2010. *See Houston v. Lack*, 487 U.S. 266 (1988); *United States v. Dorsey*, 988 F. Supp. 917, 919-920 (D. Md. 1998) (rejecting limitations defense due to applicability of mail-box rule to petition filed pursuant to 28 U.S.C. § 2255).

A conviction becomes final for purpose of running the one-year limitations period under 28 U.S.C. § 2255(f) (1) when the time for filing an appeal for direct review expired. *See Clay v. United States*, 537 U.S. 522, 525 (2003); Fed. R.App. P. 4(b)(1)(A) and 26. [2] The instant motion was filed some six years after the limitations period elapsed and it must be dismissed as untimely unless equitable tolling applies. Nunez was granted an opportunity to explain why equitable tolling applies in this case. Paper No. 788. His response provides neither legal nor factual grounds to warrant equitable tolling. Paper No. 795. Accordingly, the Motion will be dismissed as time-barred.

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, this Court declines to issue a certificate of appealability. Nunez has not

---

Movant was prevented from making a motion by such Governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

[2] Although the limitations period is an affirmative defense, a court may sua sponte dismiss a § 2255 petition as untimely. *See Hill*, 277 F.3d at 705; *see also Sosa*, 364 F.3d 510 n. 4 (4th Cir. 2004) (applying the holding in *Hill v. Braxton* to motions under § 2255). The court's sua sponte consideration of the limitations period is consistent with Rule 4(b) of the Federal Rules governing § 2255 cases, which provides that a court shall dismiss a motion if it plainly appears that the moving parts is entitled to no relief, even in the absence of a responsive pleading from the government.

2

made a substantial showing of a denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2); *Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

**Conclusion**

The Petition will be dismissed as time-barred by separate Order.

October 29, 2010

/s/
PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE